IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BRUCE H. BARR, | : |
| | : |
| Plaintiffs, | : |
| | : |
| V. | : |
| | : Case No. |
| CENTRAL CREDIT SERVICES, | : |
| INC., a Florida corporation, | : |
| | : |
| Defendant. | : |
| | : |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against Defendant for violations of the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Plaintiff BRUCE H. BARR ("BARR") is an individual and a resident of this State and is authorized by law to bring this action.

4. Defendant, CENTRAL CREDIT SERVICES, INC., is a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida located at 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida 32225. [Hereinafter, said Defendant is referred to as "CCS"].

5. All violations of the FDCPA alleged herein occurred in the State of Florida.

6. CCS committed tortious injury in the State of Florida.

7. CCS conducts business in the State of Florida.

8. CCS is subject to the jurisdiction and venue of this Court.

9. CCS may be served by personal service upon its registered agent in the State of Florida: Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

10. Alternatively, CCS may be served by personal service upon an authorized agent or officer at its principal place of business in the State of Florida: 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida 32225.

11. Alternatively, CCS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Florida or Ohio.

## FACTUAL ALLEGATIONS

12. CCS uses the mails in its business.

13. CCS uses telephone communications in its business.

14. CCS's principal business purpose is the collection of debts.

15. CCS regularly collects, or attempts to collect, debts owed or due, or asserted to be owed or due, another.

16. CCS is a debt collector subject to provisions of the Fair Debt Collection Practices Act.

17. CCS communicated with BARR, a Florida resident, in CCS's attempts to collect a debt allegedly due from BARR to a business not a party to this litigation.

18. In or around August through October 2010, CCS, by and through its agents, left voice messages for the Plaintiff requesting a return call.

19. In the voice messages left for BARR, CCS failed to provide meaningful disclosure of the caller's identity.

20. In the voice messages left for BARR, CCS failed to state that CCS is a debt collector attempting to collect a debt.

21. In CCS's initial communication, CCS failed to disclose that the communication was an attempt to collect a debt.

22. In CCS's initial communication, CCS failed to disclose that the communication was from a debt collector.

23. In CCS's initial communication, CCS failed to disclose that any information obtained from BARR would be used for the purpose of collecting a debt.

24. In CCS's subsequent communications, CCS failed to disclose that the communications were from a debt collector.

25. CCS did not send any written communication to BARR within five (5) days of the initial oral communication.

26. CCS has never sent any written communication to BARR.

27. CCS's actions were knowing and intentional.

28. As a result of CCS's actions, BARR has suffered actual damages in an amount to be proven at trial.

29. CCS's communications and actions violate the FDCPA.

30. BARR will incur costs for filing and serving this action.

31. BARR has retained counsel and agreed to pay a reasonable fee.

32. BARR is entitled to recover the costs and reasonable attorney fees incurred in this action.

33. The Plaintiff has complied with all conditions precedent to bring this action.

## COUNT I
## VIOLATION OF THE FDCPA, 15 U.S.C. §§ 1692 ET. SEQ.

34. Plaintiff BARR re-alleges and incorporates herein by reference Paragraphs 1-33 above.

35. CCS's acts constitute intentional violations of the FDCPA.

36. CCS's violations of the FDCPA include, but are not limited to, the following:

37. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

38. Placing telephone calls without providing meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

39. Using a false, deceptive, or misleading representation or means in the connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

40. Using a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10);

41. Failing to disclose in the initial communication that the communication was from a debt collector, that the communication is an attempt to collect a debt, and that any information obtained would be used for the purpose of collecting a debt, in violation of 15 U.S.C. § 1692e(11);

42. Failing to disclose in subsequent communications that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

43. Failing to send the required written notice to the consumer within five (5) days of the initial oral communication with a consumer, in violation of 15 U.S.C. § 1692g(a).

44. As a direct and proximate result of CCS's actions, Plaintiff BARR suffered damages and is entitled to an award of the maximum statutory damages, actual damages, and an award of costs and attorney fees.

45. WHEREFORE, Plaintiff BARR respectfully demands the following relief:

   a. That this Court enter judgment against the Defendant for violations of the FDCPA;

   b. That this Court find each and every defense raised by the Defendant to be without merit;

   c. That this Court award the maximum statutory damages of $1,000.00;

   d. That this Court award actual damages in an amount proven at trial;

   e. That this Court award the reasonable costs and attorney's fees incurred during the prosecution of this action; and

   f. That this Court award such other and further relief as is just and proper.

                                        Respectfully submitted,

                                        /s/ Adam J. Knight  
                                        Adam J. Knight  
                                        Florida Bar No. 69400  
                                        Attorney for Plaintiff

Henry W. Hicks, P.A.  
3003 West Azeele Street  
Suite 200  
Tampa, Florida 33609  
Tele. 813.876.3113  
Fax. 813.871.9202  
aknight@titlemark.net